FILED

JUL 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MITSUE TAKAHASHI, | No. 10-15547 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01668-OWW-SMS |
| v. | |
| FARMERS INSURANCE GROUP, Merced Office, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Mitsue Takahashi appeals pro se from the district court's order dismissing

her employment action on statute of limitations and res judicata grounds. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Manufactured Home*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005).  We affirm.

The district court properly dismissed Takahashi's claims under Title VII and the Age Discrimination in Employment Act ("ADEA") as time-barred.  *See* 42 U.S.C. § 2000e-5(e)(1) (at most 300-day time limit for filing an Equal Employment Opportunity Commission ("EEOC") charge under Title VII); 29 U.S.C. § 626(d) (same for ADEA); *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) ("[F]ailure to file an EEOC charge within the prescribed 300-day period . . . is treated as a violation of a statute of limitations[.]"), *overruled on other grounds by Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1194-96 (9th Cir. 2001) (en banc).  Moreover, the district court properly determined that Takahashi's Title VII and ADEA claims were also barred by res judicata.  *See Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) (stating requirements for res judicata under California law).

Takahashi's remaining contentions are unpersuasive.

**AFFIRMED.**